UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| DESIGN TECH HOMES, LTD., § <br>     PLAINTIFF, § <br> v. § <br> § <br> KEITH KRUEGER, ANGEL KRUEGER, § <br> AND WYRICK RESIDENTIAL DESIGN, INC., § <br>     DEFENDANTS. § | CIVIL ACTION NO. \_\_\_\_\_ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**A. PARTIES**

1. Plaintiff, **DESIGN TECH HOMES, LTD.** ("Plaintiff"), is a Texas limited partnership doing business in Spring, Harris County, Texas.

2. Defendant, **KEITH KRUEGER** ("Defendant") is an individual residing at 4418 Chateau Creek Way, Spring, Texas 77386.

3. Defendant, **ANGEL KRUEGER** ("Defendant") is an individual residing at 4418 Chateau Creek Way, Spring, Texas 77386.

4. Defendant, **WYRICK RESIDENTIAL DESIGN, INC.** ("Defendant") is Texas corporation, doing business at 15201 Mason Road, Suite 1000-143, Cypress, Texas 77433, whose registered agent is Mike Manoloff, whose business address is 6600 Sands Point Drive, Suite 100, Houston, Texas 77074.

**B. JURISICTION**

5. The Court has jurisdiction over this lawsuit under *28 U.S.C. § 1338* because the suit arises from violations of the COPYRIGHT LAWS OF THE UNITED STATES AND ARCHITECTURAL WORKS COPYRIGHT PROTECTION ACT OF 1990. The facts and

circumstances under which this claim arises occurred within the geographic bounders of the **SOUTHERN DISTRICT OF TEXAS**.

## C. VENUE

6. Venue is proper in this District under *28 U.S.C. § 1400(a)* because the Defendants reside or may be found in this District.

## D. CONDITIONS PRECEDENT

7. All conditions precedent have been performed or occurred.

## E. FACTS

8. Plaintiff created an original Architectural Plan entitled "Bulverde-C Elevation Base Plan" as of July 1, 2005 (the "Base Plan"). The Base Plan was issued Copyright Number VA0001717484 on May 29, 2008.

9. On or about December 31, 2013, Plaintiff and Defendants executed that certain Construction Agreement for the construction by Plaintiff a home to be located at 4418 Chateau Creek Way, Spring, Texas 77386 (the "Construction Agreement").

10. Paragraph 7. J. of the Construction Agreement contains a specific provision regarding the ownership of Plans and Specifications in Subsection (2), which states as follows:

> If Owner has not furnished the Plans to Contractor, then the Plans and other documents furnished by Contractor are instruments of service and shall not become the property of Owner. Owner does not have, and shall not in future acquire, either ownership of the Plans or the right to use the Plans or to allow their use by any third party and Contractor may use the Plans (or derivations or portions of the Plans) to construct other homes without limitation or restriction. Owner acknowledges that, even though Owner may pay Contractor for the Plans, the Plans are unique to Contractor and are (and shall always remain) the property of Contractor. If Owner does not, for whatever reason, proceed with construction of the Improvements Owner shall return to Contractor all construction drawings, elevations, floor plans, specifications and other

depictions of the Improvements and any other product of Contractor. Owner shall also return to Contractor all copies of such documents. Owner shall, under no circumstance, allow the use of, or provide, any such Plans to any third person as Owner acknowledges and agrees that all such Plans are copyrighted by Contractor. Submission or distribution of documents to meet or to comply with Government Regulations or for other purposes in connection with the Work shall not be construed as a waiver of Contractor's ownership rights in the Plans and Specifications. Any use of the Plans by Owner for any purpose other than as described in this Contract is strictly prohibited and Owner agrees to indemnify and hold Contractor harmless from any claims, demands, losses, expenses, causes of action, court costs or attorney's fees arising out of Owner's wrongful use of the Plans.

11. On February 10, 2014, Plaintiff and Defendants also executed a Design Services Contract ("Design Services Contract"). The Design Services Contract contains a paragraph disclosing Plaintiff's ownership of the Architectural Plan.

12. Subsequent to the date of the Construction Agreement and the Design Services Contract, representatives of Plaintiff and Defendants **KEITH** and/or **ANGEL KRUEGER** had meetings on various occasions to discuss changes to the Base Plan. As a result of those meetings, Plaintiff created the Krueger Plan ("DTH Krueger Plan"). On or about July 9, 2014, Defendants **KEITH** and/or **ANGEL KRUEGER** terminated the Construction Agreement.

13. At a time unknown to Plaintiff, Defendants **KRUEGER** engaged Defendant, **WYRICK RESIDENTIAL DESIGN, INC.** and as a result created the **WYRICK KRUEGER PLAN** (the "Wyrick Krueger Plan").

14. The Wyrick Krueger Plan is substantially similar to the DTH Krueger Plan, constituting an improper appropriation of the protected copyright plan owned by Plaintiff.

15. Since the date of the creation of the DTH Krueger Plan and the Base Plan, Plaintiff has been the sole owner of all rights, title and interest in and to such plans.

16. Each of the DTH Krueger Plan and Base Plan bears a notice and disclosure that states as follows:

> "This Plan is protected under the FEDERAL COPYRIGHT ACT by Design Tech Homes, LLP. The use or reproduction of this Plan may be an infringement of FEDERAL COPYRIGHT ACT."

17. Plaintiff has submitted to the *United States Copyright Office* its application to register the DTH Krueger Plan and the Base Plan. Such applications were submitted on or about July 20, 2016, and the check for payment of the application fee cleared the account of counsel for Plaintiff on August 25, 2016.

### F. COUNT 1 – BREACH OF CONTRACT

18. Defendants have breached the Construction Agreement and specifically the provision set forth above in Paragraph 10.

19. Defendants have breached the Design Services Contract.

### G. COUNT 2 – COPYRIGHT INFRINGEMENT BY KRUEGER

20. Plaintiff has complied in all respects with the COPYRIGHT LAWS OF THE UNITED STATES AND ARCHITECTURAL WORKS COPYRIGHT PROTECTION ACT OF 1990 and with all other laws governing copyrights.

21. Plaintiff's Base Plan is copyrightable subject matter under the laws of the United States.

22. Plaintiff's DTH Krueger Plan is copyrightable such matter under the laws of the United States.

23. Defendants **KRUEGER** infringed on Plaintiff's copyright by substantially copying from the DTH Krueger Plan and Plaintiff's Base Plan.

24. Defendants **KRUEGER** published the Architectural Plan by causing a Home to be constructed using the DTH Krueger Plan and that Home currently exist at 4418 Chateau Creek Way, Spring, Texas 77386.

25. Plaintiff notified Defendants **KRUEGER** that "Defendants **KRUEGER** had infringed Plaintiff's copyright but Defendants **KRUEGER** have continued to infringe the copyright."

### H. COUNT 3 – COPYRIGHT INFRINGEMENT BY DEFENDANT WYRICK RESIDENTIAL DESIGN, INC.

26. Plaintiff has complied in all respects with the COPYRIGHT LAWS OF THE UNITED STATES AND ARCHITECTURAL WORKS COPYRIGHT PROTECTION ACT OF 1990 and with all other laws governing copyrights.

27. Plaintiff's Base Plan is copyrightable subject matter under the laws of the United States.

28. The DTH Krueger Plan is copyrightable subject matter under the laws of the United States.

29. Defendant, **WYRICK RESIDENTIAL DESIGN, INC.** infringed on Plaintiff's copyright by substantially copying the DTH Krueger Plan and Plaintiff's Base Plan.

30. Defendant, **WYRICK RESIDENTIAL DESIGN, INC.** is in concert with Defendants **KRUEGER**, published the Architectural Plan (this "Plan"), by causing a Home to be constructed using this Plan and that Home currently exist at 4418 Chateau Creek Way, Spring, Texas 77386.

## I. DAMAGES

31.　The DTH Krueger Plan is a derivative of the Base Plan that was filed in the *United States Copyright Office* prior to the date of the Construction Agreement. Plaintiff is entitled to statutory damages as set forth in *17 U.S.C. § 504(c)*.

32.　As a direct and proximate result of the conduct of the Defendants **KRUEGER** and Defendant, **WYRICK RESIDENTIAL DESIGN, INC.**, Plaintiff has suffered the following damages:

　　a)　actual damages; and

　　b)　loss profits.

33.　Plaintiff is entitled to an award of attorney's fees and court costs under *§17 U.S.C §505* as prevailing party.

## J. PRAYER

For these reasons, Plaintiff asks for Judgment against Defendants **KRUEGER** and Defendant, **WYRICK RESIDENTIAL DESIGN, INC.** for the following:

　　a)　Defendants **KRUEGER** and Defendant, **WYRICK RESIDENTIAL DESIGN, INC.** pay Plaintiff an amount of $111, 610.00 for actual damages;

　　b)　Defendant, **WYRICK RESIDENTIAL DESIGN, INC.** pay Plaintiff an amount equal to the amount paid to Defendant, **WYRICK RESIDENTIAL DESIGN, INC.** for preparation of the **WYRICK RESIDENTIAL DESIGN, INC.**;

c) Defendants **KRUEGER** and Defendant, **WYRICK RESIDENTIAL DESIGN, INC.** pay Plaintiff pre-judgment and post-judgment interest as authorized by law; and

d) Defendants **KRUEGER** and Defendant, **WYRICK RESIDENTIAL DESIGN, INC.** pay Plaintiff reasonable and necessary attorney's fees and court costs.

Plaintiff has all other relief the Court deems appropriate.

Respectfully submitted,

**JOHN R. KRUGH, P.C.**

By: _/s/ John R. Krugh_
John R. Krugh
Federal ID No. 4570
1800 Bering, Suite 350
Houston, Texas 77057-3170
Telephone: 713-255-0266
Facsimile: 713-583-5499
Email: john@krughlaw.com

**ATTORNEY FOR PLAINTIFF,
DESIGN TECH HOMES, LTD.**