United States District Court
Southern District of Texas

**ENTERED**

February 26, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DESIGN TECH HOMES, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-0951 |
| | § | |
| WYRICK RESIDENTIAL DESIGN, | § | |
| INC., AND ZAC MURTHA CUSTOM | § | |
| HOMES, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Plaintiff's Motion and Notice of Plaintiff's Motion for Final Summary Judgment (Doc. 41). The court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion be **GRANTED**.

### I.  Case Background

Plaintiff filed this lawsuit alleging that Defendant Zac Murtha Custom Homes, LLC ("Zac Murtha"), infringed on Plaintiff's copyright.

### A.  Factual Background

Plaintiff's summary judgment evidence is bare-bones. Plaintiff has provided evidence of the following facts:

1.  On May 2, 2014, under an agreement, Plaintiff created an

---

[1]    This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 22, Ord. Dated Feb. 9, 2018.

architectural plan (the "Krueger Plan") for Keith and Angela Krueger (the "Kruegers").[2]

2.    The Kruegers subsequently terminated their agreement with Plaintiff.

3.    On July 22, 2016, the United States Copyright Office issued a certificate of registration for the Krueger Plan.[3]

4.    The Kruegers and Wyrick Residential Design, Inc. ("Wyrick"), made changes to the Krueger Plan, which led to the creation of a substantially similar plan (the "Wyrick-Krueger Plan").[4]

5.    Zac Murtha constructed a property based on the Wyrick-Krueger Plan.[5]

6.    The reasonable cost for the preparation of the Krueger plan was $12,740.[6]

7.    Plaintiff's attorney incurred $15,750 of attorney's fees in this matter.[7]

**B.    Procedural Background**

Plaintiff filed this lawsuit against the Kruegers and Wyrick

---

[2]    See Doc. 46-2, Krueger Plan Cert. of Registration.

[3]    See id.

[4]    See Doc. 41-1, Zac Murtha Dep. Tr. pp. 1-4 of 13; Doc. 41-1, Krueger Plan with Changes pp. 9-13 of 13.

[5]    See Doc. 41-1, Zac Murtha Dep. Tr. pp. 1-4 of 13.

[6]    See Doc. 44-1, Javier Medina Aff.

[7]    See Doc. 41-3, Krugh Aff.

on March 27, 2017.[8]   On May 17, 2017, following an agreed motion, Keith and Angel Krueger were dismissed.[9]   On June 16, 2017, with the court's leave, Plaintiff filed its first amended complaint adding Zac Murtha as a party.[10]   On June 8, 2018, with the court's leave, Plaintiff filed its second amended complaint.[11]   On July 3, 2018, following a stipulation of dismissal, Wyrick was dismissed.[12]

On April 15, 2019, Plaintiff filed its pending motion for summary judgment.[13]   Defendant was served with Plaintiff's motion for summary judgment but has not responded.[14]   On January 21, 2020, the court held a hearing on Plaintiff's motion for summary judgment.[15]   At the hearing, the court gave Plaintiff leave to supplement its summary judgment evidence on damages.[16]   On January 29, 2020, Plaintiff filed a supplement to its motion for summary judgment.[17]   On January 31, 2020, the court ordered Plaintiff to supplement its summary judgment evidence with a certificate of

---

[8]   See Doc. 1, Pl.'s Orig. Compl.

[9]   See Doc. 11, Ord. Dated May 17, 2017.

[10]   See Doc. 14, Pl.'s 1st Am. Compl.

[11]   See Doc. 33, Pl.'s 2nd Am. Compl.

[12]   See Doc. 38, Ord. Dated July 3, 2018.

[13]   See Doc. 41, Pl.'s Mot. for Summ. J.

[14]   See id. p. 6.

[15]   See Doc. 43, Ord. Dated Jan. 21, 2020.

[16]   See id.

[17]   See Doc. 44, Pl.'s Supp. to Mot. for Summ. J.

registration for the Krueger Plan.[18]  On February 7, 2020, Plaintiff supplemented its motion for summary judgment.[19]  Defendant Zac Murtha has not responded to any of Plaintiff's recent filings.

## II.  Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.</u>, 759 F.3d 498, 504 (5th Cir. 2014).  A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Ameristar Jet Charter, Inc. v. Signal Composites, Inc.</u>, 271 F.3d 624, 626 (5th Cir. 2001).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  <u>Coastal Agricultural Supply, Inc.</u>, 759 F.3d at 504 (quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986)).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues.  <u>See</u> <u>id.</u> at

---

[18]   <u>See</u> Doc. 45, Ord. Dated Jan. 31, 2020.

[19]   <u>See</u> Doc. 46, Pl.'s 2nd Supp. to Mot. for Summ. J.

4

505 (quoting <u>Celotex Corp.</u>, 477 U.S. at 323).   If the movant carries its burden, the nonmovant may not rest on the allegations or denials in the pleading but must respond with evidence showing a genuine factual dispute.  <u>See</u> <u>id.</u>  The court must accept all of the nonmovant's evidence as true and draw all justifiable inferences in her favor.  <u>Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.</u>, 759 F.3d 498, 505 (5th Cir. 2014)(quoting <u>Anderson</u>, 477 U.S. at 255).

### III. Analysis

"To prove copyright infringement a party must show that '(1) he owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original.'" <u>Baisden v. I'm Ready Productions, Inc.</u>, 693 F.3d 491, 499 (5th Cir. 2012) (citing <u>Positive Black Talk Inc. v. Cash Money Records, Inc.</u>, 394 F.3d 357, 367 (5th Cir. 2004)).

"A certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright." <u>Gen. Universal Sys., Inc. v. Lee</u>, 379 F.3d 131, 141 (5th Cir. 2004).  Plaintiff has provided a certificate of registration for the Krueger Plan.  Thus, Plaintiff has proven ownership of a valid copyright.

"Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some

minimal degree of creativity." <u>Norma Ribbon & Trimming, Inc. v.</u> <u>Little</u>, 51 F.3d 45, 47 (5th Cir. 1995)(internal quotation marks omitted) (quoting <u>Feist Publications, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 345 (1991)).  Plaintiff created the Krueger Plan. Thus, the court finds that the Krueger Plan is Plaintiff's original work.

Zac Murtha constructed a home based off the Wyrick-Krueger Plan, which was a substantially similar plan to the Krueger Plan. Thus, Zac Murtha copied constituent elements of the Krueger Plan.

## IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiff's motion for summary judgment be **GRANTED** and that final judgment be entered for Plaintiff, against Zac Murtha, in the sum of $28,490, consisting of $12,740 in actual damages and $15,750 in attorney's fees.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.   Copies of such

objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 26th day of February, 2020.

Nancy K. Johnson
United States Magistrate Judge